UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

SHAWN VOLPE,

Plaintiff,

- against -

LIPSTIX GENTLEMEN'S CLUB *et al.*,

Defendants.

---------------------------------------------------------------X

**ORDER**
2:26-CV-5487 (NRM) (ARL)

**NINA R. MORRISON**, United States District Judge:

Plaintiff, incarcerated at the Federal Correctional Institution in Ashland, Kentucky, filed this civil rights Complaint on September 3, 2026, alleging, among other things, that he has not received adequate medical treatment while in federal custody. *See* Compl., ECF No. 1. He also asserts negligence and emotional distress claims against Defendant Lipstix Gentlemen's Club ("Lipstix"), a nightclub located in Deer Park, New York, arising from an alleged assault on its premises. *Id.* Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the Complaint is dismissed with leave to amend within thirty (30) days.

## BACKGROUND

The allegations in the Complaint stem from the June 17, 2024 alleged assault of Plaintiff that occurred outside the entrance of Lipstix's property and resulted in his hospitalization. Compl. at 2–3.[1] Shortly thereafter, Plaintiff was arrested by

[1] Citations to the Complaint refer to ECF filing pagination.

federal authorities and asserts that he was denied proper medical treatment for his injuries. *Id.* at 4–5. Plaintiff claims that he "notified prison and jail staff on multiple occasions that he needed to participate in the prescribed physical therapy, as well as receiv[e] other post-injury care from orthopedic and other medical professionals." *Id.* at 4. Plaintiff asserts that "[i]nstead of providing [Plaintiff] with the necessary physical rehabilitation and other post-injury physical care, the federal government's staff and agents merely told [him] to take over-the-counter medication for his injury." *Id.* The Complaint states that Plaintiff "was in continuous custody of the United States of America from the date of his arrest to the present," but does not identify the location of his custody, aside from his current location in Ashland, Kentucky. *See generally* Compl.

## STANDARD OF REVIEW

In reviewing the complaint, the Court is mindful that Plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citation omitted); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

Title 28 of the United States Code, § 1915A requires this Court to review the complaint in a civil action in which a prisoner seeks redress from a governmental

entity or from officers or employees thereof, and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Moreover, pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, a complaint must include facts, which, if true, show that the defendant(s) may be responsible for the harm to the plaintiff. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, a complaint that includes only "labels and conclusions" is not enough. *Twombly*, 550 U.S. at 555. A complaint fails to state a claim if it includes only basic claims without any factual details. *Iqbal*, 556 U.S. at 678. The Court must assume that the allegations contained in the complaint are true but does not have to accept the complaint's legal conclusions. *Id.*

Moreover, a plaintiff seeking to bring a lawsuit in federal court must establish that the Court has subject matter jurisdiction over the action. *See Chestnut v. Wells Fargo Bank N.A.*, No. 11-CV-5369 (JS) (ARL), 2012 WL 1657362, at *3 (E.D.N.Y. May 7, 2012) ("Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if

subject matter jurisdiction is lacking."). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). If the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see id.* There are two types of federal subject-matter jurisdiction. Under the first type, federal question jurisdiction, the complaint must have a claim based on a federal law. *See* 28 U.S.C. § 1331. The other type is called diversity jurisdiction, and it allows federal courts to consider cases based on state laws, but only if the money value of the lawsuit is greater than $75,000 and all the defendants live in a different state than the plaintiff. *See* 28 U.S.C. § 1332.

## DISCUSSION

The Court liberally construes the Complaint as alleging the following claims: (1) state law claims against Lipstix, (2) a Federal Tort Claims Act claim against the United States, and (3) a *Bivens* claim against the United States.

### A. State Law Claims Against Lipstix

Plaintiff's negligence and emotional distress claims against Lipstix must be dismissed for lack of subject matter jurisdiction. Though Plaintiff asserts diversity jurisdiction, *see* Compl. at 1, the Complaint does not include any factual allegations establishing the diverse citizenship of the parties. According to the Complaint, Lipstix is a nightclub located in New York and Plaintiff was a "regular patron of Lipstix and was known to all staff." *Id.* at 2. Plaintiff does not assert his domicile for

purposes of diversity jurisdiction, but rather states that he is currently incarcerated in prison in Kentucky. *Id.* at 1. An individual's citizenship is determined by his domicile. Domicile is where "a person has his true fixed home and principal establishment, and to which, whenever he is absent," he intends to return. *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (citation omitted); *see also Universal Reinsurance Co., Ltd. v. St. Paul Fire & Marine Ins. Co.*, 224 F.3d 139, 141 (2d Cir. 2000) ("A person is deemed a citizen of the state wherein he or she is domiciled, and establishing one's domicile in a state generally requires both physical presence there and intent to stay."). Notably, "[i]t is well-established that a prisoner does not acquire a new domicile when he is incarcerated in a state different from his previous domicile." *Davis v. Cannick*, No. 14-CV-7571 (SJF) (SIL), 2015 WL 1954491, at *3 (E.D.N.Y. Apr. 29, 2015) (citation omitted). Instead, in this Circuit, there is a presumption that "the prisoner retains his pre-incarceration domicile." *Id.* (citations and internal quotation marks omitted); *Johnson v. 195 Mill St. Mkt.*, No. 24-CV-1879 (LTS), 2024 WL 1892257, at *3 (S.D.N.Y. Apr. 29, 2024).

The presumption that a prisoner retains his pre-incarceration domicile is rebuttable when "truly exceptional circumstances" would "justify a finding that [the prisoner] has acquired a new domicile at the place of his incarceration." *Braten v. Kaplan*, No. 07-CV-8498 (HB), 2009 WL 614657, at *4 (S.D.N.Y. Mar. 10, 2009) (quoting *Jones v. Hadican*, 552 F.2d 249, 251 (8th Cir. 1977)). Plaintiff does not allege any such "truly exceptional circumstances" here.

Plaintiff has not properly invoked this Court's diversity jurisdiction. Accordingly, the allegations in the Complaint against Lipstix must be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12 (h)(3).

If Plaintiff seeks to proceed with his claims against Lipstix under this Court's diversity jurisdiction, his amended complaint must include specific facts establishing that he is now domiciled in Kentucky and why that is the case.

**B. Federal Tort Claims Act Against the United States**

The Federal Tort Claims Act governs claims for money damages "for injury . . . caused by the negligent or wrongful act or omission" of a federal agency or federal employee. 28 U.S.C. §§ 1346(b), 2671–2680 (the "FTCA"). The FTCA requires that a tort claim against the United States first be presented for administrative resolution to the appropriate federal agency, in this case the Bureau of Prisons ("BOP"), within two years after the claim accrues and then a plaintiff may file in federal court within six months after the BOP's decision. 28 U.S.C. § 2675(a), § 2401(b). If the plaintiff fails to present his claim to the appropriate agency and exhaust administrative remedies before filing a lawsuit, then the plaintiff's tort claims must be dismissed for lack of subject matter jurisdiction. *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)); *Foster v. Fed. Emergency Mgmt. Agency*, 128 F. Supp. 3d 717, 728 (E.D.N.Y. 2015) ("Failure to comply with [exhaustion] results in dismissal of the suit."). The burden is on the plaintiff to plead compliance with the FTCA's requirements. *Sisun v. United States.*, No. 18-CV-7429 (PKC) (LB), 2019 WL 2163115, at *2 (E.D.N.Y. May 16,

2019); *Vailette v. Lindsay*, No. 11-CV-3610 (NGG) (RLM), 2014 WL 4101513, at *5 (E.D.N.Y. Aug. 18, 2014).

Here, Plaintiff states that he "timely filed a Federal Tort Claim with the United States of America, and expects to receive the denial of that tort claim by the time Defendant United States of America responds to this lawsuit." Compl. at 4. Accordingly, Plaintiff fails to properly allege that he exhausted his administrative remedies since, at the time he filed the Complaint, he had not yet received a decision from the BOP.

If Plaintiff has received a decision from the BOP since filing this action, and he believes that he has a plausible claim under the FTCA, within thirty (30) days of the date of this Memorandum and Order, Plaintiff may file an amended complaint that demonstrates that he exhausted his administrative remedies with the BOP. Plaintiff should set forth the date he filed the tort claim with the BOP and provide the Court with a copy of the decision as an exhibit to his amended complaint.

**C. Bivens Claim Against the United States**

Because Plaintiff is proceeding *pro se*, the Court considers whether he can assert a claim under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), arising from any federal officials' failure to provide him with necessary medical treatment. In order to proceed under *Bivens*, such claim would need to be against a named prison official. *See Higazy v. Templeton,* 505 F.3d 161, 169 (2d Cir. 2007) ("A *Bivens* action is a judicially-created remedy designed to provide individuals with a cause of action against federal officials who have violated

their constitutional rights"). A claim under *Bivens* is brought against federal officials in their individual capacities. *Id.* To state a *Bivens* claim, a plaintiff must plausibly allege a "depriv[ation] of a constitutional right by a federal agent acting under color of federal authority," and that "the individual defendant[s were] personally involved in the constitutional violation." *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006).

Prison officials have a duty under (1) the Eighth Amendment with respect to convicted prisoners or (2) the Due Process Clauses of the Fifth and Fourteenth Amendments with respect to pretrial detainees in federal custody and state custody, respectively, to "ensure that inmates receive adequate food, clothing, shelter, and medical care, and '[to] take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan,* 511 U.S. 825, 832–33 (1994) (citations omitted). To establish a constitutional violation arising out of inadequate medical treatment, a prisoner must prove "deliberate indifference to [his] serious medical needs." *Johnson v. Wright*, 412 F.3d 398, 403 (2d Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). To show deliberate indifference, a plaintiff can allege "either that the defendants *knew* that failing to provide the complained of medical treatment would pose a substantial risk to his health or that the defendants *should have known* that failing to provide the omitted medical treatment would pose a substantial risk to the detainee's health." *Charles v. Orange Cnty.*, 925 F.3d 73, 87 (2d Cir. 2019) (emphasis in original); *Darby v. Greenman*, 14 F.4th 124, 128 (2d Cir. 2021).

Here, Plaintiff fails to plead sufficient facts in support of his deliberate indifference claim. Though Plaintiff asserts that "the federal government's staff and

agents" failed to provide him with "the necessary physical rehabilitation and other post-injury physical care," *see* Compl. 4, the allegations fail to identify the relevant prison(s) and/or jail(s) and the name of the individuals involved in the alleged deprivation of medical care. Nor does he describe how the care he received was insufficient to address his serious medical needs.

In light of plaintiff's *pro se* status, the Court grants Plaintiff thirty (30) days from the date of this Memorandum and Order to file an amended complaint to provide more facts about his claim and to name proper defendants. To the extent Plaintiff seeks to assert a constitutional claim for deliberate indifference to his serious medical needs, he must explain the medical conditions and needs he experienced, what he has done to request treatment, how prison officials responded to his requests, and any other facts relevant to establishing a violation of his constitutional right to adequate medical treatment while in custody. In order to proceed on a civil rights claim under *Bivens*, Plaintiff must name as defendant(s) in the caption of the Complaint and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of an individual defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint and provide identifying information. Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. That information should include: a) the names and titles of all relevant people; b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and

the general location where each event occurred; c) a description of the injuries Plaintiff suffered; and d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

**CONCLUSION**

Accordingly, Plaintiff's Complaint is dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for lack of subject matter jurisdiction pursuant to Federal Rule Civil Procedure 12(h)(3). Plaintiff is granted thirty (30) days leave from the date of this Memorandum and Order to file an Amended Complaint as detailed above.

If Plaintiff chooses to file an amended complaint, the amended complaint will replace, not supplement, the original complaint. It should include all factual allegations that support any claims he seeks to pursue in this Court, and should be captioned as "Amended Complaint" and include the same docket number as this Order: 2:26-CV-5487 (NRM) (ARL).

The Clerk of Court is directed to send a copy of this Memorandum and Order and a civil rights complaint form (for incarcerated individuals) to Plaintiff. No summons shall issue at this time, and all further proceedings shall be stayed for thirty (30) days. If Plaintiff fails to amend within thirty (30) days as directed by this Order, judgment shall be entered dismissing this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated: November 3, 2026
Brooklyn, New York